John Joseph SHORTER, Petitioner—Appellant,

v.

J.E. SLADE, Warden, Respondent–Appellee.

No. 02–55872.

D.C. No. CV–01–07404–DT.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

Before GOODWIN, TROTT and GRABER, Circuit Judges.

MEMORANDUM **

Federal prisoner John Joseph Shorter appeals pro se the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2241. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the decision to grant or deny a petition for habeas corpus, *McLean v. Crabtree*, 173 F.3d 1176, 1180 (9th Cir.1999), and we affirm.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Shorter claims that he is "actually innocent" of participating in a prison riot for which he was sanctioned with loss of good conduct time, disciplinary segregation, disciplinary transfer and loss of privileges. Because there is "some evidence" in the record to support the disciplinary hearing officer's finding that Shorter participated in the riot, the district court did not err by dismissing Shorter's due process claim. *See Superintendent, Massachusetts Correctional Inst. v. Hill,* 472 U.S. 445, 454–55, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) (concluding that due process requires prison officer's decision to be supported by "some evidence" in the record).

Moreover, the record supports the district court's conclusion that Shorter was afforded the procedural protections outlined by the Supreme Court in *Wolff v. McDonnell,* 418 U.S. 539, 563–66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), including written notice of the charge for which he was disciplined, *see id.* at 564–65, 94 S.Ct. 2963.

Finally, the district court correctly determined that due process in this case did not require the author of an incident report used in prosecuting the disciplinary violations to personally witness events described in the report. *See id.* at 563–66, 94 S.Ct. 2963; *Hill,* 472 U.S. at 454–55, 105 S.Ct. 2768.

AFFIRMED.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.